**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ANGELA S. WALRATH,

                                        Plaintiff,

                - v -                                              Civ. No. 5:06-CV-367
                                                                              (RFT)

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.

**APPEARANCES:**                                    **OF COUNSEL:**

IACONIS, BAUM LAW FIRM                      KEITH R. WOLFE, ESQ.
Attorney for Plaintiff
282 Genesee Street
P.O. Box 250
Chittenango, New York 13037

SOCIAL SECURITY ADMINISTRATION              DENNIS J. CANNING, ESQ.
Attorney for Defendant
Office of Regional General Counsel
Region II
26 Federal Plaza – Room 3904
New York, New York 10278

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## MEMORANDUM DECISION and ORDER[1]

        Plaintiff Angela Walrath brings this action challenging the determination of the

Commissioner of Social Security Administration that she was not entitled to Social Security

Disability Insurance (SSDI) benefits under the Social Security Act. *See generally* Dkt. No. 1,

Compl. Walrath further challenges the Appeals Council's dismissal of her request for review as

---

[1] On January 30, 2007, the parties consented, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, to have this Court exercise full jurisdiction over this matter. Dkt. No. 17.

untimely filed.

The Commissioner moves to dismiss the Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(c), and 12(h)(3), asserting that the Court lacks subject matter jurisdiction. Dkt. No. 7.   For the reasons set forth below, the Motion is **denied** and the matter is **remanded** to the Commissioner for a hearing to determine the timeliness of Plaintiff's request for review.

## I. BACKGROUND

According to the Complaint, as well as other affidavits submitted either in support of or in opposition to the Commissioner's Motion, the facts are as follows:

On May 6, 2003, Walrath filed an application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI).  Compl. at ¶ 5; Dkt. No. 7-2, John J. Timlin Decl., dated May 3, 2006, Ex. 1 at p. 8.  The application was initially denied on May 22, 2003.  Compl. at ¶ 5.  On October 30, 2003, Plaintiff filed a timely request for a hearing before an administrative law judge (ALJ).  *Id*. at ¶ 6.  Such hearing was held via video teleconference on May 24, 2004, in Utica, New York, before the Honorable Alma S. deLeon; Plaintiff attended that hearing without a representative. *Id*.; Timlin Decl., Ex. 1 at p. 8.  On July 30, 2004, Judge deLeon denied Plaintiff's request for DIB and SSI.  Compl. at ¶ 7; Timlin Decl., Ex. 1 at p. 8.  Pursuant to the Notice accompanying the ALJ's unfavorable decision, Plaintiff had sixty (60) days to file a request for review.  Timlin Decl., Ex. 1 at p. 5.  Because the Social Security Administration assumes receipt of such notice five days after the date of the decision, a request for review had to be filed by October 4, 2004.

Plaintiff asserts that on or about September 13, 2004, she mailed a letter to the Appeals Council requesting review of the ALJ's decision.  Compl. at ¶ 8; Dkt. No. 1-3, Angela Walrath Aff., dated Jan. 12, 2006, at ¶¶ 4-6.  The catalyst for the mailing of that letter was a conversation Walrath

had with Attorney Paul F. Iaconis's Office, from whom she sought representation in her appeal to the Appeals Council.  Walrath Jan. Aff. at ¶ 4.  Walrath was advised that due to Attorney Iaconis's caseload at that time, he would be unable to meet with her until November 2004; she was further advised to submit an appeal to the Appeals Council to preserve her request for review.  *Id*.  In November 2004, Walrath met with Iaconis, who directed her to provide him with additional medical records to support the appeal; such records were finally collected at the end of February 2005.  *Id*. at ¶ 7.  Having been designated as Walrath's representative, Attorney Iaconis submitted a letter to the Appeals Council explaining his appointment and requesting the tapes of the ALJ hearing and exhibits so that he could submit a brief in support of Walrath's previously submitted request for review.  Dkt. No. 14, Paul F. Iaconis, Esq., Affirm., dated Aug. 15, 2006, at ¶ 11; Timlin Decl., Ex. 2.  Attorney Iaconis indeed received the requested materials and submitted such brief on July 12, 2005.  Iaconis Affirm. at ¶ 12 & Ex. A.

On December 22, 2005, construing Attorney Iaconis's March 1st letter as a request for review, the Appeals Council sent a letter to Walrath informing her that her request for review was filed late.  Timlin Decl., Ex. 3.  The Appeals Council advised Walrath to provide information showing good cause for the untimely request or evidence regarding receipt of notice of the ALJ's action.  *Id*.  In response, Attorney Iaconis submitted a letter, dated January 5, 2006, explaining that his client had submitted a timely request for review on September 13, 2004; a copy of that letter and an Affidavit from Walrath were attached.  Iaconis Affirm., Ex. B.

On January 21, 2006, the Appeals Council dismissed Plaintiff's request for review as untimely, asserting it had no record of receipt of Plaintiff's alleged mailing nor was any proof of such mailing submitted.  Having no convincing evidence that the request for review was timely filed

and finding no basis for good cause for the late filing, the Appeals Council dismissed the request for review.  Timlin Decl., Ex. 5 at pp. 23-25.  On March 22, 2006, Plaintiff filed her action in federal court.  Dkt. No. 1.

## II.  DISCUSSION

### A.  Applicable Law

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing FED. R. CIV. P. 12(b)(1)).  Federal courts are "duty bound . . . to address the issue of subject matter jurisdiction at the outset."  *Filetech S.A. v. France Telecom S.A.*, 157 F.3d 922, 929 (2d Cir. 1998).  "In resolving the question of jurisdiction, the district court can refer to evidence outside the pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that [jurisdiction] exists."  *Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002) (citations omitted); *see also Societe Nationale d'Exploitation Industrielle des Tabacs et Allumettes v. Salomon Bros. Int'l Ltd.*, 928 F. Supp. 398, 402 (S.D.N.Y. 1996) ("[T]he Court need not accept as true contested jurisdictional allegations and may resolve disputed jurisdictional facts by reference to affidavits and other materials outside the pleadings.").  As the party "seeking to invoke the subject matter jurisdiction of the district court," the plaintiff bears the burden of demonstrating that there is subject matter jurisdiction in the case.  *Scelsa v. City Univ. of New York*, 76 F.3d 37, 40 (2d Cir. 1996); *see also Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

### B.  Jurisdiction Pursuant to 42 U.S.C. § 405(g)

Absent Congressional consent to be sued, the United States is immune from suit and federal

courts lack subject matter jurisdiction to entertain the suit. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoted in *Makarova v. United States*, 201 F.3d at 113). Where the United States waives sovereign immunity and consents to be sued, the terms of such consent define the court's jurisdiction to entertain the suit. *Id*. In the case at bar, express Congressional consent to suit can be found at 42 U.S.C. § 405(g), which authorizes judicial review of cases arising under Title XVI of the Social Security Act. Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).

It is clear from the statute that judicial review is only permitted in accordance with the terms therein. *Id*. at § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."). Thus, the statute conferring subject matter jurisdiction to this Court clearly limits our review to a particular type of agency action, that being a "final decision of the Secretary made after a hearing." 42 U.S.C. § 405(g); *Califano v. Sanders*, 430 U.S. 99, 108 (1977).

The Second Circuit has interpreted § 405(g) to require that administrative procedures generally be exhausted before judicial review is possible. *Dietsch v. Schweiker*, 700 F.2d 865, 867 (2d Cir. 1983). This includes the requirement that a claimant file a written request to the Appeals Council for review of an ALJ's decision "[w]ithin 60 days after the date [the claimant] receive[s] notice of the hearing decision or dismissal." 20 C.F.R. § 404.968(a)(1); *Dietsch v. Schweiker*, 700 F.2d at 867. If a request to appeal the ALJ decision is not filed within the stated time-frame, the Appeals Council may dismiss the request as untimely, the effect of which is binding and not subject

to further review.  20 C.F.R. §§ 404.971 & 404.972; *see also Dietsch v. Schweiker*, 700 F.2d at 867

(citing cases).  The Appeals Council may also extend the time for a claimant to request review upon

a showing of good cause, but a refusal to do so is not subject to judicial review.  *Id*. at §§ 404.903(j)

& 404.982.  In this Circuit, it is generally accepted that the Appeals Council's dismissal of a request

for review as untimely and the refusal to extend the time to request review are not "final decisions"

and therefore are not subject to judicial scrutiny.[2]  Because in Walrath's case the Appeals Council

dismissed her request for review as untimely and refused to extend her time to request review, no

subject matter jurisdiction exists under 42 U.S.C. § 405(g).[3]

### C.  Mandamus Jurisdiction Pursuant to 28 U.S.C. § 1361

While the Court does not possess jurisdiction to review under 42 U.S.C. § 405(g), another

avenue of review is nevertheless available, namely mandamus jurisdiction.  According to 28 U.S.C.

§ 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus

---

[2] Plaintiff asks this Court to apply *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983) and find that the Appeals Council's dismissal of Walrath's request for review as untimely is a "final" decision and thus subject to our judicial review.  That case, however, has not been followed in this Circuit and has faced much criticism in other Circuits. *See Dietsch v. Schweiker*, 700 F.2d at 867 (noting that the Appeals Council's dismissal of a request for review due to its untimely filing or declination to extend the time to seek review is not a "final" decision and therefore not reviewable by a federal court); *see also Omeragic v. Sullivan*, 1992 WL 96339, at *1 (S.D.N.Y. Apr. 23, 1992) (declining plaintiff's invitation to apply *Bloodsworth* since it had not been followed in the Second Circuit and because other Circuits have "widely criticized" the decision).  Upon reviewing the relevant case law on this subject, we find that *Bloodsworth* is neither controlling nor persuasive.  *See also* SOCIAL SECURITY LAW AND PRACTICE § 55:25 (2008) (noting that the majority of circuits do not follow the Eleventh Circuit's reading of the Regulations and statute, though the Social Security Administration has agreed to apply the Eleventh Circuit's holding in that circuit only).

[3] Plaintiff asks the Court to find jurisdiction under § 405(g) based on the fact that her due process rights could be violated should this Court not assert jurisdiction over her case.  Dkt. No. 12, Pl.'s Mem. of Law, at p. 5.  In *Matthews v. Eldridge*, the Supreme Court held that a plaintiff may present a constitutional challenge in federal court regardless of whether he satisfied the exhaustion requirements of § 405(g), so long as the constitutional challenge is collateral to the substantive claim of entitlement to disability benefits.  *See Matthews v. Eldridge*, 424 U.S. 319, 330-32 (1976).  Plaintiff posits that she timely mailed her request for review and that if the mishandling of her request was through no fault of her own, *i.e.*, if the U.S. Postal Service or the Social Security Administration mishandled the letter, then the Appeals Council's failure to review her claim denies her due process.  Walrath's constitutional argument is not on par with the constitutional issues typically advanced, such as in *Matthews* where the plaintiff challenged as violative of due process the Agency's termination of his benefits prior to holding a pretermination hearing.  We find Walrath's argument more applicable to our next section where we review the Court's authority to assume mandamus jurisdiction over this matter.

to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  The Second Circuit has held that § 1361 "provides jurisdiction to review otherwise unreviewable procedural issues not related to the merits of a claim for benefits."  *Dietsch v. Schweiker*, 700 F.2d at 868 (quoted in *Weiss v. Sec'y of the United States Dep't of Health and Human Servs.*, 859 F. Supp. 58, 62 (E.D.N.Y. 1994)).  A writ of mandamus will not be issued unless "(1) the plaintiffs have the right to have the act performed, (2) the defendant is under a clear nondiscretionary duty to perform the act requested, and (3) plaintiff has exhausted all other avenues of relief."  *City of New York v. Heckler*, 742 F.2d 729, 739 (2d Cir. 1984).

It is incontestable that, if a request for review is timely filed, a claimant has the <u>right</u> to have the Appeals Council consider its request for review.  20 C.F.R. §§ 404.967 & 404.981; *Dietsch v. Schweiker*, 700 F.2d at 868.  The Appeals Council may either deny the request for review or review the decision.  20 C.F.R. § 404.981.  Under certain circumstances, the Appeals Council may dismiss a request for review, such as when an untimely request for review is filed.  *Id.* at § 404.971. Accordingly, prongs one and two above are satisfied.  Furthermore, due to the binding, unreviewable, and non-final nature of the Appeals Council's decision to dismiss the request for review as untimely, Plaintiff is without any other recourse either judicially or administratively, thus satisfying prong three above.  20 C.F.R. § 404.972.  Similar to the plaintiff in *Dietsch*, Walrath's challenge is a procedural one:

> [s]he seeks to compel the Appeals Council to perform its duty with respect to a timely request for review, 20 C.F.R. §§ 404.967, 404.981, and either deny the request or review [her] case. [She] has no other avenue for relief.  And [her] procedural dispute is unrelated to the merits of [her] claim for benefits.

*Dietsch v. Schweiker*, 700 F.2d at 868.

In *Dietsch*, the Second Circuit declared that *mailing* and not *receipt* of a request for review

satisfies the filing requirement set forth in the Regulations. *Dietsch v. Schweiker*, 700 F.2d at 868-69 ("We conclude, therefore, that plaintiff's request for review was timely if it was mailed within the time period provided by the regulation."). Therefore, if it is determined that Walrath timely mailed her request for review, then the Appeals Council has a clear nondiscretionary duty to perform such review and either deny the request or review the ALJ decision.[4] Thus, just as in *Dietsch*, this Court has mandamus jurisdiction under 28 U.S.C. § 1361 to consider Walrath's claim. *Id*. (finding district court had mandamus jurisdiction under 28 U.S.C. § 1361 to consider claim); *Jones v. Astrue*, 526 F. Supp. 2d 455, 459 (S.D.N.Y. 2007) (exercising mandamus jurisdiction where plaintiff asserted timely request for review to Appeals Council was submitted); *Weiss v. Sec'y of United States Dep't of Health and Human Servs.*, 859 F. Supp. at 62 (exercising mandamus jurisdiction because plaintiff had the right to seek to compel the Secretary to perform his duty to reconsider an initial determination upon a *timely* reconsideration request).

The Appeals Council's January 2006 decision summarily rejected Walrath's contention that she indeed mailed a timely request for review. In finding a lack of "convincing evidence that a request for review was timely filed," it appears that the Appeals Council discounted Plaintiff's credibility, though there is no specific determination in this regard. Plaintiff provided this Court with a copy of her January Affidavit submitted to the Appeals Council and further submitted another Affidavit (in opposition to Defendant's Motion) with additional information not previously shown

---

[4] Indeed, we emphasize that it is Plaintiff's assertion that she timely mailed a request for review that prompts us to assert jurisdiction via mandamus. *See Dietsch v. Schweiker*, 700 F.2d 865; *Monferrato v. Schweiker*, 700 F.2d 869 (2d Cir. 1983); *Sinatra v. Heckler*, 566 F. Supp. 1354 (E.D.N.Y. 1983). In this regard, we find this set of facts distinguishable from those cases where the plaintiff submitted a request for review after the deadline for doing so expired and the federal court dismissed the appeal for lack of subject matter jurisdiction. *See Calapa v. Shalala*, 99 F.3d 400 (2d Cir. 1995) (unpublished decision); *Omeragic v. Sullivan*, 1992 WL 96339 (S.D.N.Y. Apr. 23, 1992); *Maloney v. Harris*, 526 F. Supp. 621 (E.D.N.Y. 1980); *cf. Higdon v. Bowen*, 1988 WL 86694, at *1-2 (E.D.N.Y. Aug. 16, 1988) (asserting mandamus jurisdiction and remanding case back to Appeals Council to hold a hearing to determine whether good cause for the late filing had been established).

to the Appeals Council.[5]  In dismissing Plaintiff's request for review,  it appears that the Appeals

Council principally relied on the absence of any record that Plaintiff's request was submitted.

However, prior to making such assessment, an administrative record with appropriate findings

should have been developed to establish whether the request for review was in fact mailed within

the allotted time period.  *Dietsch v. Schweiker*, 700 F.2d at 868-69 (remanding to the Secretary to

hold hearing regarding timeliness of Plaintiff's request for review); *Jones v. Astrue*, 526 F. Supp.

2d at 460 (same); *Weiss v. Sec'y of United States Dep't of Health and Human Servs.*, 859 F. Supp.

at 62 (same).  In this regard, a hearing is necessary.

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that Defendant's Motion to Dismiss (Dkt. No. 7) is **denied**; and it is further

**ORDERED**, that this case is **remanded** to the Commissioner for a prompt determination

of the timeliness of Walrath's request for review consistent with this decision; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum Decision and

Order upon the parties to this action.

**SO ORDERED**.

---

[5] This Second Affidavit further develops conversations held between Walrath and Iaconis regarding the filing of a timely request for review and other avenues of relief to be pursued, including the filing of a second application for SSI.  *See* Dkt. No. 13, Angela Walrath Aff., dated Mar. 20, 2006.

Date:   January 30, 2009
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge